THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEFFERSON HOTEL CORPORATION, Relator, *v.* A. WESTON WOODWARD and Others, Assessors, and ARTHUR J. PECK, Mayor, and Others, Trustees, of the Village of Watkins Glen, Schuyler County, New York, Respondents.

Supreme Court. Schuyler County, March 30, 1942.

*Winding & Winner* [*George H. Winner* of counsel], for the relator.

*Harold H. Cassidy,* for the respondents.

PERSONIUS, J. The relator seeks to review the assessment of its property under article 13 of the Tax Law and section 23 of the Civil Practice Act. Section 291 of the Tax Law provides that a petition to review an assessment " must " be presented within thirty days after the filing of the roll. The relator presented a former petition within the thirty-day period but made only the assessors respondents. The writ was, therefore, necessarily quashed. (*People ex rel. New York Central R. R. Co.* v. *Gilson*, 239 App. Div. 108; affd., 265 N. Y. 457; *People ex rel. Lehigh Valley R. W. Co.* v. *Clover*, 174 Misc. 44.)

It was not quashed on the merits. This proceeding was commenced *after* the thirty-day limitation expired. Section 23 of the Civil Practice Act provides in substance that where a proceeding is commenced within the time limited therefor but is terminated otherwise than on the *merits*, a new action for the same cause may be commenced within one year after such termination. Section 293 of the Tax Law was amended by section 2 of chapter 382 of the Laws of 1939, effective January 1, 1941. Unless this amendment prohibits, the relator can maintain this proceeding commenced within one year after the dismissal of the former. (*People ex rel. Lehigh Valley R. W. Co.* v. *Clover*, 174 Misc. 888; *People ex rel. Wheeler* v. *Neafsey*, 142 id. 692; *Conolly* v. *Hyams*, 176 N. Y. 403; *Sharrow* v. *Inland Lines, Ltd.*, 214 id. 101; *Berkman* v. *Silverstein*, 245 App. Div. 891; *Tompkins County Trust Co.* v. *Herrick*, 171 Misc. 929, 936; *Hoffman* v. *Delaware & Hudson Co.*, 163 App. Div. 50.)

The amendment referred to added this sentence: " The time limited by section two hundred ninety-one for the presentation of the petition shall be deemed material to the right of review authorized by this article, and if it shall appear upon the return that the petition was not presented within the time limited therefor, * * * the failure to present the petition within such time shall constitute a complete defense to the petition and the writ must be quashed."

We do not think this amendment renders section 23 of the Civil Practice Act inapplicable. Section 101 of the General Construction Law provides: " Effect of Consolidated Laws on Penal Law, Criminal Code and Civil Practice Act. The Consolidated Laws [of which, of course, the Tax Law is one] shall not be construed to amend, repeal or otherwise affect any provision of the * * * Civil Practice Act * * * unless expressly so stated." The amendment referred to does not " expressly " state that section 23 of the Civil Practice Act is thereby amended, repealed or otherwise affected. We hold that it is still applicable to this proceed-

ing. (*Town of Putnam Valley* v. *Slutzky*, 283 N. Y. 334, 343, 344; *People [McDonald & Mons]* v. *Simonian*, 173 Misc. 131, 133.)

In construing said section 23, then section 405 of the Code of Civil Procedure, the Court of Appeals said: " The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the court." (*Gaines* v. *City of New York*, 215 N. Y. 533, 539.) This language has been frequently quoted with approval. It is in accord with modern practice. A relator should not be deprived of a hearing on the merits because of some error or mistake which in no way harms the respondents.

By presenting its former petition, the relator gave timely notice to some (and probably all) of the authorities who fixed the assessment of its purpose to maintain its rights before the court. The respondents are in no way surprised or harmed by the commencement of this second proceeding. To hold otherwise would work an injustice to the relator.

The amendment insures the commencement of a proceeding within the thirty-day period and expressly provides for the procedure upon the return day, on failure to do so. No inadvertence or mistake should deprive the relator of a decision on the merits, if in the first instance he proceeds promptly. By so construing the amendment there is no inconsistency between it and section 23 of the Civil Practice Act.

Motion denied, with costs to abide the event.

Submit order accordingly.