**FULKERSON v. AMERICAN CHAIN & CABLE CO., Inc.**

**Civ. A. No. 6368.**

District Court, W. D. Pennsylvania.

June 25, 1947.

N. C. Short, of Pittsburgh, Pa., for plaintiff.

Sanford M. Chilcote, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action was brought in this Court March 26, 1947, to recover damages by reason of the alleged negligence of the defendant in the manufacture of a defective hook, which was used in the State of Kentucky and in the use thereof, April 10, 1945, plaintiff was injured.

Defendant filed an answer thereto in which it alleges under the caption of "Affirmative Defense", that the laws of Kentucky provide: "An action for an injury to the person of the plaintiff shall be commenced within one year after the cause of action accrued." Section 413.140 (2516), Kentucky Revised Statutes 1946.

That the Pennsylvania Act of June 26, 1895, P.L. 375, 12 P.S. § 39, provides: "When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this Commonwealth."

Further, that this action is barred by the aforesaid statute of limitations.

No reply has been filed to defendant's answer. Defendant subsequently filed its motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and in support thereof (which is the motion now before the Court) set forth: "For the reason set forth in the Answer under the heading 'Affirmative Defense', the complaint fails to state a claim upon which relief can be granted, since the granting of relief upon the right of action, if any, set forth in the complaint is barred by virtue of the statutory provisions quoted in the 'Affirmative Defense'."

Under the statutes averred, defendants' motion should prevail. See Cope v. Anderson (Anderson v. Helmers), 67 S.Ct. 1340, Opinion, Justice Black.

However, it appears that there is another provision of the Kentucky statutes being section 413.270, which provides: "If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within three months from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitations."

It appears from the complaint and answer that plaintiff brought an action against the defendant in this case and two others in the Circuit Court of Nelson County, Kentucky, April 9, 1946, in which the cause of action is the same as in the present action; that on February 19, 1947, the Circuit Court of Nelson County, Kentucky, made the following order: "This cause having been submitted to the Court on the motion of the defendant, American Chain & Cable Company to quash the return of service of process against it herein for want of jurisdiction of said defendant by this Court, with supporting affidavits of its attorney, James M. Graves, and one John J. Werst, and the court being sufficiently advised therefrom sustains the said motion, and the return of service of process against said American Chain & Cable Company herein is hereby quashed for lack of jurisdiction of said defendant by this court."

The present action was brought within three months from the time of said judgment. The action in Kentucky was commenced in due time. There was no evidence that it was not brought in good faith. The only question that arises, under Section 413.270, is, Did the Court in Kentucky adjudge that it had no jurisdiction of said action?

█ It will be noted that the Court, in its order, stated that the return of service of process against the defendant is quashed "for lack of jurisdiction of said defendant by this court". The Supreme Court in the case The Resolute, 1897, 168 U.S. 437, 18 S.Ct. 112, 113, 42 L.Ed. 533, stated that "Jurisdiction is the power to adjudicate a case upon the merits, and dispose or it as justice may require".

█ A Court does not have jurisdiction of an action unless it has jurisdiction of the subject matter of the action and of the parties. See Noxon Chemical Products Co. v. Lackie et al., 3 Cir., 39 F.2d 318; Ripperger v. A. C. Allyn & Co., 2 Cir., 113 F.2d 332.

█ The Kentucky court in the action before it had jurisdiction of the subject matter but it did not have jurisdiction over the defendant, as the defendant did not reside within the State of Kentucky or have any representative therein, upon whom service could be made.

The Kentucky statute, section 413.270, has not been interpreted by the Courts of Kentucky or elsewhere in a case in which the facts are analogous to the present case. However, in the case of Fielder v. Hansbrough, 195 Ky. 574, 242 S.W. 832, 833, the Supreme Court of Kentucky stated in relation to the section of the Act under consideration: "As appellant first proceeded in a court having no jurisdiction, and then brought suit in the Franklin circuit court within three months after the first action was dismissed for want of jurisdiction, counsel for appellant earnestly insists that the case falls within the letter of the statute, and the fact that he also brought suit in the Shelby circuit court is wholly immaterial. His argument is that the purpose of the statute was to give a plaintiff who had made the mistake of bringing suit in a court having no jurisdiction an opportunity to proceed in a court having jurisdiction, and, as he had two suits pending, he had the right to elect which one he would prosecute, and he should not suffer for his mistake in dismissing the suit in the court having jurisdiction and electing to prosecute the suit in the court having no jurisdiction. Counsel is right in his contention as to the purpose of the statute. It was designed to give a party who first proceeded in the wrong court an opportunity to proceed in the right court; but the statute contemplates only one opportunity. Hence, if it is made to appear, as in this case, that the litigant has already proceeded in the proper court, and of his own motion has

dismissed the suit after the action was barred by limitation, the statute does not apply, and the bar is complete, although another action in another court was dismissed for want of jurisdiction. It follows that the court correctly adjudged that the cause of action was barred."

Plaintiff first brought his action in Kentucky and it was dismissed because of lack of jurisdiction over the defendant. He brought his action in this Court within the time limit provided by the Kentucky Statute. He should have an opportunity in this action to determine whether he has a valid cause of action against the defendant or not. He is within the terms of the above Act, for the reason that the Kentucky Court did not have jurisdiction of the action because it did not have jurisdiction over the defendant, a party to said action. The motion for judgment on the pleadings should be refused.