Pauline WILT

v.

Norman H. SMACK.

Civ. A. No. 20956.

United States District Court
E. D. Pennsylvania.

Jan. 7, 1957.

Henry J. Morgan, Harry Shapiro, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

On November 17, 1955, plaintiff, a Maryland citizen, sued the defendant, a Pennsylvanian, in the United States District Court for the District of Delaware to recover for personal injury and property damage sustained in an automobile accident which occurred in Delaware on November 25, 1954. Defendant was served under the Delaware Non-Resident Motorist Statute.[1] This action was dismissed without prejudice on February 14, 1956 for lack of proper venue under the Federal Venue Statute.[2]

On June 29, 1956 plaintiff began suit in this court against the same defendant on the same cause of action. On August 6, 1956 defendant answered and pleaded the bar of the Delaware Statute of Limitations,[3] which precludes a suit for damages for personal injury after a lapse of one year from the date of injury.

1. 10 Del.Code Ann. § 3112.

2. 28 U.S.C. § 1391(a).

3. 20 Del.Laws, c. 594, 10 Del.Code Ann. § 8118.

Defendant, on August 16, 1956, also moved to dismiss the complaint on the same ground, and plaintiff, on August 22, moved to amend her complaint to set forth facts alleged to relate to the prior action and to afford her a basis for relief, under Delaware's Journey's Account Statute,[4] from the bar of the Delaware Statute of Limitations.

Defendant's motion to dismiss the complaint and plaintiff's motion to amend it are now before this court.

A federal court, in determining the applicable statute of limitations, must look to the law of the state in which it is sitting and, hence, this court must look to the law of Pennsylvania. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Under Pennsylvania law the applicable statute of limitations is determined by the law of the state of the forum. Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517; Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346. However, the Pennsylvania Borrowing Statute[5] provides:

"When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."

Thus, the complete defense provided by this act is available only against an action *fully barred* by the laws of the state wherein the cause of action arose. Fulkerson v. American Chain & Cable Co., Inc., D.C.W.D.Pa., 72 F.Supp. 334. It is necessary, therefore, to determine whether plaintiff's action was fully barred in Delaware when it was begun in this court.

The Delaware Journey's Account Statute provides, in pertinent part:

"(a) if in any action duly commenced within the time limited therefor in this Chapter, * * * the writ is abated, or the action oth-

erwise avoided or defeated by the death of any party thereto, or for any matter of form; * * * a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, * * *."

The pivotal question is whether, under this act, the dismissal of an action for lack of proper venue is an abatement of the writ or an avoidance or defeat of an action for any matter of form. Since no court of Delaware has yet addressed itself to this question we are guided by decisions of other courts involving similar legislation.

Statutes of Journey's Account originated in England[6] and have long existed, in varying forms, among the states. The courts have construed them liberally in furtherance of their purpose—to enable controversies to be decided upon substantive questions rather than upon procedural technicalities. Sachs v. Ohio Nat'l Life Ins. Co., 7 Cir., 131 F.2d 134; Haught v. Continental Oil Co., 192 Okl. 345, 136 P.2d 691; Greulich v. Monnin, 142 Ohio St. 113, 50 N.E.2d 310, 149 A.L.R. 477; Hayden v. Caledonia Nat'l Bank, 112 Vt. 491, 28 A.2d 389, 142 A.L.R. 1178; People ex rel. Jefferson Hotel Corp. v. Woodward, 178 Misc. 397, 34 N.Y.S.2d 632; Johnston v. Sikes, 56 Conn. 589; Coffin v. Cottle, 16 Pick., Mass., 383.

Of abatement of the writ, the Supreme Court of Massachusetts said, in Woods v. Houghton, 1 Gray, Mass., 580, 583;

"The defendant denies * * * that the original writ was abated * * * because the court dismissed that action for want of jurisdiction. But, the bringing of the action in the wrong county might have been pleaded in abatement, and the writ been technically abated * * * Such plea, however, was

---

4. 10 Del.Code Ann. § 8117.

5. Act of June 26, 1895, P.L. 375, § 1, 12 P.S. § 39.

6. James I, c. 16, § 4. See Am.Jur., Limitations of Actions, § 279.

unnecessary, because the objection was apparent on the writ, and was as well the subject of a motion to dismiss, as of a plea. The dismissal of the action is therefore to have the same legal effect as the abatement of the writ would have had. For the words used in the statutes declaring the cases in which the second action may be maintained, after a failure of the first, have always been construed favorably for the plaintiff, and never have been held to have a technical meaning; but, as said by Shaw, C. J. in Coffin v. Cottle, 16 Pick. 386, are meant to declare, that 'where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from so doing, provided he follows it promptly, by a suit within a year'."

In Johnston v. Sikes, supra, the court stated, 56 Conn. at page 591:

"The latter phrase [referring to matter of form] should not be considered in a narrow or technical sense as restricted to defects of allegation or ordinary matters of abatement, for these have been covered by the first part of the act. When therefore the words are added, 'or the action is otherwise avoided or defeated by the death of the party *or for any matter of form*' the obvious intention was to make the statute exceedingly broad and sweeping in its scope. The phrase 'any matter of form' was used in contradiction to matter of substance, as embracing the real merits of the controversy between the parties. It refers to the mode of procedure, so that any misconception as to the remedy might be included."

■ Clearly the tenor of these decisions is that grounds for dismissal which do not touch the merits of a controversy are within the spirit, if not the letter, of the ameliorative Journey's Account Statutes so that, after dismissal on such a ground, institution of a second action is permissible despite the intervention of the period of limitations. Spear v. Curtis, 40 Vt. 59. A liberal construction of the Delaware statute therefore seems authorized, and it leads to the conclusion that the rights of the plaintiff, who filed a timely action which was dismissed on a ground unrelated to the merits, should be preserved notwithstanding the intervention of the bar of the statute of limitations.

To support the contrary conclusion the defendant relies on Sorensen v. Overland Corp., D.C.Del., 142 F.Supp. 354. That case is readily distinguishable from the instant one. In Sorensen, the first action was brought in Michigan, dismissed without prejudice after the period of limitations of Delaware had expired, and reinstituted in Delaware. The court held that the Delaware Journey's Account Statute was not intended to cover actions commenced beyond the boundaries of the state. The present plaintiff, however, does not invoke the statute extra-territorially; she presses only its effect in Delaware, which, as we have seen, is to relieve against the bar of the Delaware Statute of Limitations.

Our conclusion finds support in the like case of Fulkerson v. American Chain & Cable Co., Inc., D.C., 72 F.Supp. 334, wherein the first action, brought in Kentucky, was dismissed for lack of jurisdiction, and the second action then filed in the Western District of Pennsylvania. The Kentucky statute of limitations intervened to bar the second suit. However, it was held that the Kentucky Journey's Account Statute afforded relief from the intervening bar of limitations and that, since the second action was not fully barred in Kentucky, it was not barred in Pennsylvania.

■ To summarize: The instant suit was brought within both of the Pennsylvania limitation periods: (a) for personal injury—two years;[7] (b) for

7. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34.

property damage—six years [8]. Under the Pennsylvania Borrowing Statute, the purpose of which is simply to insure that a plaintiff who sues in Pennsylvania obtains thereby no greater rights than those given in the state where his cause of action arose, Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602, the instant suit is barred here only if *fully barred* by the law of Delaware. Renault v. L. N. Renault & Sons, Inc., D.C., 90 F.Supp. 630. In our view Delaware's Journey's Account Statute relieves against the bar in Delaware.

 Additional reason in support of this conclusion is found in 28 U.S.C. § 1406(a) which provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Under this provision, the United States District Court in Delaware, in lieu of ordering dismissal, could have transferred the case to this district and thus preserved the action against the intervention of the bar of the limitations statute. Indeed, the interests of justice would appear to require transfer rather than dismissal where the latter would terminate rights without a hearing on the merits. The District Court of Delaware evidently concluded that plaintiff's rights were protected by the Journey's Account Statute and that its dismissal of the action would not, therefore, prejudice plaintiff.

It should be noted also that, by instituting the first action, plaintiff gave defendant timely notice of her purpose to litigate; thus the defendant is not prejudiced by her second action.

 There remains for consideration the plaintiff's application to amend. Since defendant has answered the complaint, plaintiff now has no right to amend as a matter of course. She may amend, however, by leave of court, and the applicable Rule [9] provides that such leave shall be freely given when justice so requires. A plaintiff who seasonably makes an appropriate motion should have the opportunity to amend to show facts which mitigate against the defense of limitations. Carroll v. Pittsburgh Steel Co., D.C., 103 F.Supp. 788; Alden-Rochelle, Inc., v. American Society of Composers, Authors & Publishers, D.C., 3 F.R.D. 157. Under the circumstances of this case, to deny plaintiff a hearing on the merits by denying her motion to amend would clearly be unjust.

Order.

Now, Jan. 7, 1957, defendant's motion to dismiss the complaint is denied and plaintiff's motion for leave to amend the complaint is granted provided the amendment is filed within twenty days.

---

8. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31.

9. Fed.Rule Civ.Proc. rule 15(a), 28 U.S. C.A.