William J. FROMBACH, Plaintiff,

v.

GILBERT ASSOCIATES, INC., Defendant.

Supreme Court of Delaware.

Nov. 10, 1967.

Arthur Inden, of Young, Conaway, Stargatt & Taylor, Wilmington, Milton M. Borowsky, of Freedman, Borowsky & Lorry, Philadelphia, Pa., of the Pennsylvania Bar, for plaintiff.

William Prickett and Rodman Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

WOLCOTT, C. J., CAREY, J., and SHORT, Vice-Chancellor, sitting.

CAREY, Justice.

This case comes to us upon certification by the Superior Court. We accepted it because the questions raised are of first impression in Delaware and a determination in defendant's favor will terminate the case, thus avoiding a lengthy and expensive trial.

The questions certified are these:

"I. Does the Delaware Savings Statute (10 Del.C. Section 8117) apply in a case where a tort is committed in Pennsylvania, which has no equivalent Savings Statute, but where suit is timely brought in the federal court of Delaware, and is dismissed after the running of the Statute of Limitations (10 Del.C. Section 8118) for lack of diversity of citizenship jurisdiction?

II. If such right of action is preserved by the Savings Statute, does the Delaware Borrowing Statute (10 Del.C. Section 8120) bar the right of action if it arises out of a tort committed in a jurisdiction having a two-year tort Statute of Limitations but no applicable Savings Statute?

III. Does Section (b) of the Statute (10 Del.C. Section 8117) preclude the defendant from raising the defense that the action has been barred by the running of the Statute of Limitations on appeal from a verdict rendered in favor of the plaintiff?"

The action is a suit brought by a resident of Pennsylvania based upon alleged negligence which caused bodily injuries to the plaintiff. Those injuries were sustained in October, 1963 in Pennsylvania. Suit was first instituted in the Federal District Court for Delaware against the present defendant and another corporation. After extensive discovery proceedings, by stipulation the case was dismissed as to the other defendant. That dismissal deprived the Federal Court of its diversity jurisdiction and, on motion of defendant, the action was dismissed entirely in 1966. The plaintiff promptly commenced the present suit, and defendant moved for a dismissal on the ground that it is barred by the statute of limitations. The Court below denied the motion but filed this certification.

T. 10 Del.C. § 8118 bars actions for personal injuries after two years from the sustaining thereof. T. 10 Del.C. § 8117(a) reads as follows:

"(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the

plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein".

T. 10 Del.C. § 8120, our Borrowing act, reads as follows:

"Where a cause of action arises outside of this State, an action can not be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply".

The parties are in apparent agreement as to certain principles: (1) limitations of actions are determined by the law of the forum; (2) our Borrowing statute requires that Pennsylvania law be looked to as setting the time limit for the bringing of the action, if that period is shorter than the Delaware period; (3) the length of time allowed by Pennsylvania is two years from the date of the accident; (4) Pennsylvania's Savings statute would not toll its limitation under the facts of this case.*

We will assume, without deciding, that plaintiff is correct in certain of his contentions under question No. I. We thus accept his argument that the commencement of a suit in the Federal District Court for Delaware is equivalent to one brought in our Superior Court, within the meaning of our Savings statute (§ 8117); that the reason for dismissal of the Federal Court action is within the scope of that section; and that,

therefore, if the tort had occurred in Delaware, the present suit would not be barred. We refrain from deciding those contentions because of our views concerning the Borrowing statute.

Plaintiff argues under question II that, under the assumptions we have made, § 8117 permits the bringing of this second suit because the only prerequisite to the application of that section is that the prior suit be brought within the proper time and later dismissed for one of the reasons therein listed; and, if that prerequisite exists, the new suit is permissible, wherefore § 8120 has no application. We think the opposite conclusion is required by the history of the act, its purpose, and the decisional law.

█ The Savings statute has been a part of Delaware law, with no change presently significant, since 1829. 7 Del.L. 166. At that time, we had no Borrowing statute; § 8120 was not enacted until 1947. 46 Del.L. 689. Any inconsistency or conflict between those two sections would ordinarily be resolved in favor of the latter one, under the theory of implied amendment or partial repealer. The legislators in 1947 must have been aware of § 8117; if they had intended to except from § 8120 cases brought under the authority of § 8117, they could easily have said so. Their failure to set forth any such exception naturally leads to the conclusion that they intended none. Cf. Glassberg v. Boyd, 35 Del.Ch. 293, 116 A.2d 711.

The purpose of § 8120 was discussed in Pack v. Beech Aircraft Corp., 11 Terry 413, 132 A.2d 54. This Court said:

"It is * * *, an act to prevent 'forum-shopping'. If a non-resident chooses to bring a foreign cause of action into Delaware for enforcement, he must bring the foreign statute of limitations along with him if the foreign statute prescribes a shorter time than the domestic statute. * * *

---

* The Pennsylvania Savings Act (12 Purdon's Pa.Stat.Ann. § 33) applies only where a judgment is reversed or where judgment is entered against the plaintiff after a verdict in his favor.

"On its face, therefore, the general purpose of the statute is to shorten the period of limitation applicable to actions arising in foreign jurisdictions if the foreign statute specifies a shorter period; with a proviso, however, that the rights of a certain class of residents shall be unaffected by the change. Such, we think, is the clear and obvious meaning of the statute".

Similar reasons were assigned in Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602. The method of accomplishing that purpose and the extent to which it applies are matters for legislative determination within constitutional bounds. We have no basis for saying that the present suit does not come within the object which our Legislature sought to accomplish, or that it is not within the bounds which it intended to prescribe; we cannot create an exception which the law-makers did not see fit to prescribe. Lewis v. Pawnee Bill's Wild West Co., 5 Penn. 397, 61 A. 868, affd. 6 Penn. 316, 66 A. 471.

■ Decisions elsewhere have held under various types of Borrowing statutes that, in determining whether an action is barred in the state where the cause arose, the Court looks not to its own Savings act, but to that of the situs. The theory is that the borrowed statute is accepted with all its accoutrements. American Surety Co. of N. Y. v. Gainfort, 219 F.2d 111; Wilt v. Smack, 147 F.Supp. 700; Hilliard v. Pennsylvania Railroad Co., 73 F.2d 473; McGrath v. Helena Rubenstein, Inc., D.C., 29 F.Supp. 822; Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37; Farrell v. Employer's Liability Assur. Corp., 57 R.I. 389, 190 A. 466, 474. There are cases taking the opposite view. Payne v. Kirchwehm, 141 Ohio St. 384, 48 N.E.2d 224, 149 A.L.R. 1217; and Wright v. New York Underwriter's Ins. Co., D.C., 1 F.Supp. 663, are examples. We do not accept the latter rule for the simple reason that we do not understand how we can determine the "time limited by the law" of the foreign state without including any exception which exists to the limitation rule of that state.

■ In the present case, concededly the Pennsylvania act would not toll its limitation under the circumstances here. We are, therefore, of the opinion that the suit is barred under our Borrowing statute since the time limit in that state is shorter than the Delaware limit.

A final argument must be considered. Plaintiff contends that T. 10 Del.C. § 8117(b) prevents this Court from reviewing the ruling which the Superior Court made in his favor. The paragraph reads as follows:

"If in the original action, the benefit of this chapter is pleaded, and a verdict upon such defense is found for the plaintiff, such verdict shall be conclusive evidence that the original action was commenced within the time limited therefor."

■ Plaintiff reads the words "original action" as referring to the present suit. This is not correct. All of § 8117 deals with the bringing of a new suit after dismissal of a prior one. Clearly, § 8117(b) refers to a decision made in the first suit which is the "original action". The paragraph is designed to prevent a defendant from raising, in the second suit, the argument that the first one was brought too late, where that very question was pleaded in the first suit and a verdict on the point rendered in the plaintiff's favor. The paragraph has no application whatever to the present case.

Assuming, without deciding, that our answer to question No. I would be "Yes", our answer to question No. II is "Yes"; our answer to No. III is "No".

The order entered below must be reversed and a dismissal directed.