### HOWMET CORPORATION

v.

### The CITY OF WILMINGTON.

Superior Court of Delaware,
New Castle.
Nov. 24, 1971.

Samuel R. Russell, Ernest S. Wilson, Jr., Wilmington, for plaintiff.

H. James Conaway, Jr., William F. Taylor, Robert H. Dunlap, Wilmington, for defendant.

QUILLEN, Judge.

On June 2, 1971, Howmet Corporation (plaintiff) commenced an action for damages against the City of Wilmington (defendant). The plaintiff alleged that due to Wilmington's negligence, or breach of its contract of bailment, it suffered damage when the City failed to properly store or protect cargo belonging to the plaintiff which was discharged onto an open pier at the Port of Wilmington on November 2, 1965. Defendant presents this motion to dismiss on the ground that plaintiff has failed to state a claim upon which relief can be granted (Superior Court Rules of Civil Procedure, Rule 12(b) (6)), citing Delaware's two (2) year statute of limitations for injury to personal property (10 Del.C. § 8106A).

■ On October 28, 1966, Howmet filed an action in the United States District Court for the District of Delaware, Civil Action No. 3278, alleging substantially the same claim against Wilmington. Plaintiff maintains that within the meaning of Delaware's saving statute, 10 Del.C. § 8117 (a), the federal court action, which was timely brought, "abated, or the action (was) otherwise avoided or defeated . . . for (a) matter of form." Plaintiff submits that as the present action was filed within 1 year "after the abatement or other determination of the original action", as required by the saving statute, that the defendant's motion to dismiss should be denied.

10 Del.C. § 8106A provides:

§ 8106A. *Actions subject to two-year limitation*

"No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of action."

Plaintiff discovered the injury to its personal property on November 10, 1965 (Complaint, ¶ 6). As the cause of action in tort accrues at the time of injury [Nardo v. Guido DeAscanis and Sons, Del.Super., 254 A.2d 254 (1969)], unless plaintiff's cause of action falls within one of the provisions of Delaware's saving statute, 10 Del.C. § 8117, defendant's motion to dismiss must be granted.

10 Del.C. § 8117(a) provides:

§ 8117. *Other savings*

"(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to who it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reserved on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein."

An action must be "duly commenced . . . within 1 year after the abatement or other determination of the original action . . ." in order to apply § 8117. The first question presented is whether an action which has been dismissed for lack of jurisdiction has been "duly commenced" within the meaning of § 8117(a).

In Frombach v. Gilbert Associates, Inc., Del.Supr., 236 A.2d 363 (1967), the Delaware Supreme Court commented on the "commencement" of an action within the meaning of § 8117. In *Frombach*, plaintiff brought suit in the Federal District Court for the District of Delaware for injuries sustained in Pennsylvania due to defendant's alleged negligence. The action was dismissed for lack of diversity jurisdiction and the plaintiff filed suit in this Court. The Supreme Court, responding to certified questions of first impression, assumed the plaintiff's argument "that the commencement of a suit in the Federal District Court for Delaware is equivalent to one brought in our Superior Court, within the meaning of our Savings statute (§ 8117); that the reason for dismissal of the Federal Court action is within the scope of that section; and that, therefore, if the tort had occurred in Delaware, the present suit would not be barred." Frombach v. Gilbert Associates, Inc., supra, 236 A.2d at 365. While the Court did not have occasion to decide this issue, the great weight of authority supports the assumptions made by the Court.

In the leading case of Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594 (1915), a tort action was instituted within the one year statutory limitation in a New York City court and was dismissed for lack of jurisdiction. Within one year after the action was dismissed but more than one year after the accident, a new action was brought in a court which had jurisdiction. New York's saving statute was similar to § 8117, requiring that an action be "commenced" within one year of the termination of the original suit. In an opinion by Judge (later United States Supreme Court Justice) Cardozo, the New York Court of Appeals determined at 109 N.E. 596 that:

"The (saving) statute is designed to insure to the diligent suitor the right to hearing in court till he reaches a judgment on the merits. Its broad and liberal

purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law . . . There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights . . . A suitor who invokes in good faith the aid of the court of justice, and who initiates a proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum."

Although *Gaines* involved interpretation of a new section of the New York Code, the doctrine of construction set forth "did not rest on the wording of the new section but on the basic policy of the statute." Bollinger v. National Fire Insurance Company of Hartford, Connecticut, 25 Cal.2d 399, 154 P.2d 399, 405 (1944). The great weight of authority is in accord with Justice Cardozo's opinion in *Gaines*. See Annot., 6 A.L.R.3d 1043; Annot., 145 A.L.R. 1185; 17 B.U.L.Rev. 900; and Wasyk v. Trent, 174 Ohio St. 525, 191 N.E.2d 58 (1963). For additional supporting cases, see Bertonazzi v. Hillman, 241 Md. 361, 216 A.2d 723, 727 (1966).

Applying the principles of *Gaines* to the facts of this case, the first action notified the defendant that resort was to be made to the courts. This is not a situation where the first action was intentionally brought in the wrong court. See Gaines v. City of New York, supra, 109 N.E. at 594. Nor is this a case of such carelessness and negligence by counsel as to preclude the plaintiff from taking advantage of the savings statute. See Smith v. McNeal, 109 U.S. 426, 430, 3 S.Ct. 319, 321, 27 L.Ed. 986 (1883). See also Giles v. Rodolico, 1 Storey 143, 151,

140 A.2d 263, 267 (Del.Supr.1958). In light of these facts and the great weight of authority, this Court believes that the Supreme Court's assumptions in the *Frombach* case were a correct statement of Delaware law. As a result, the error in bringing the action in the Federal District Court for the District of Delaware, which lacked jurisdiction, did not prevent the action from being "duly commenced" within the meaning of 10 Del.C. § 8117(a).

∎ Plaintiff, relying upon Giles v. Rodolico, supra, and Gosnell v. Whetsel, 7 Storey 241, 198 A.2d 924 (Del.Supr.1964), maintains that "the federal court action was abated within the meaning of § 8117(a)" (plaintiff's brief, p. 8) and that the defendant's motion to dismiss should be denied. Section 8117 specifically provides that if ". . . the writ is abated . . ." a new action may be commenced at any time within one year. The question presented is whether, in a suit dismissed for lack of jurisdiction, the *writ* is abated within the meaning of § 8117.

∎ *Woolley* has defined "writ" in the sense which it is used in Delaware:

"(The writ) forms the first stage of a suit at law, and is the foundation of all subsequent proceedings in it. It is a mandatory precept, issued by the authority and in the name of the State, for the purpose of compelling the appearance of the defendant before the Court to which it is returnable, that he may there make answer to the plaintiff's complaint." 1 Woolley on Delaware Practice, § 160.

As a general rule, any informality, irregularity, or defect in the terms, form or structure of a writ or summons, or in the service or return of process, which is sufficient to render it invalid, is ground for abating a writ. See 1 C.J. Abatement and Revival, § 171; 1 C.J.S. Abatement and Revival § 87.

Plaintiff's original action was dismissed against the defendant on the ground that "the federal court lacked jurisdiction of a

non-maritime claim against the City." (Complaint, ¶ 9). Neither the *Giles* case nor the *Gosnell* case, cited by the plaintiff, support the proposition that a writ is abated when a suit is dismissed for lack of jurisdiction. In the *Giles* case, the Supreme Court determined that "the failure to issue an alias writ not later than 20 days after the return of the original brought the proceeding to an end . . ." Due to this failure, the Supreme Court held the writ abated within the meaning of § 8117. In the *Gosnell* case, the Court determined that the writ abated, i. e. was effectively destroyed, upon affirmance of the judgment of dismissal of the previous action which was dismissed due to ineffective service of process. In the present case, as the suit was not "effectively destroyed" due to a fatal defect or irregularity in the terms, form or structure of the writ or by a defect in the service or return of process, the writ was not abated within the meaning of § 8117.

The question remains whether an action dismissed for lack of jurisdiction is "avoided or defeated . . . for any matter of form." 10 Del.C. § 8117(a) has a remedial purpose and is liberally construed to enable controversies to be decided upon the merits of a dispute rather than upon procedural technicalities. See Gosnell v. Whetsel, supra, 198 A.2d at 927. In Wilt v. Smack, 147 F.Supp. 700 (E.D.Pa. 1957), cited by the Supreme Court in the *Gosnell* case, the United States District Court for the Eastern District of Pennsylvania construed § 8117. The question considered by the Court was whether under the saving statute "the dismissal of an action for lack of proper venue is an abatement of the writ or an avoidance or defect of an action for any matter of form." Wilt v. Smack, supra, 147 F.Supp. at 702. After reviewing the authority on savings statutes, the Court concluded:

"Clearly the tenor of these decisions is that grounds for dismissal which do not touch the merits of a controversy are within the spirit, if not the letter, of the . . . (saving statute) . . . so that, after dismissal on such a ground, institution of a second action is permissible despite the intervention of the period of limitations . . . A liberal construction of the Delaware statute therefore seems authorized, and it leads to the conclusion that the rights of the plaintiff, who filed a timely action which was dismissed on a ground unrelated to the merits, should be preserved notwithstanding the intervention of the bar of the statute of limitations." Wilt v. Smack, supra, 147 F.Supp. at 703.

Questions of jurisdictions may be very intricate and it is often difficult to determine the proper court in which to bring suit. To determine the jurisdictional question, it is sometimes necessary to attempt suit in the most likely forum. If the court finds that the plaintiff is mistaken, he should not be penalized as to the merits of his cause "simply because he sought the aid of the tribunal he considered had the power to afford him justice." See B.U.L.Rev. 900, 903.

In the present case, plaintiff alleged that it suffered damage due to the defendant's negligence at the Port of Wilmington and filed suit in the Federal District Court for the District of Delaware. The District Court has exclusive jurisdiction of any civil admiralty or maritime case. See 28 U.S. C.A. § 1333. Plaintiff should not be penalized for the federal courts determination that the alleged negligence at the Port of Wilmington was a non-maritime claim. See Frombach v. Gilbert Associates, Inc., supra.

The Court believes that in light of the remedial purpose of § 8117, a liberal construction requires the decision in this case that the suit dismissed in the United States District Court for the District of Delaware for lack of maritime jurisdiction was "avoided or defeated for . . . (a) . . . matter of form" within the meaning of 10 Del.C. § 8117.

The motion to dismiss is denied. It is so ordered.