Gloria HELMAN, individually and, as a representative of the estate of Sandra Mendelson, Plaintiff,

v.

MURRY'S STEAKS, INC., Murry Mendelson, Ira Mendelson and The Rymer Company, Defendants.

Civ. A. No. 86–469 LON.

United States District Court, D. Delaware.

Aug. 29, 1990.

Leone L. Ciporin of Lassen, Smith, Katzenstein & Furlow, Wilmington, Del., for plaintiff; Entin, Schwartz, Margules & Lazarus, Fla., of counsel.

Michael D. Goldman and Stephen C. Norman of Potter Anderson & Corroon, Wilmington, Del., for defendants; Herbert E. Milstein and Andrew N. Friedman of Cohen, Milstein & Hausfeld, Washington, D.C., of counsel, for defendants Murry's Steaks, Inc. and The Rymer Co.; Burton A. Schwalb, Steven Sarfatti and Joe D. Jacobson of Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., of counsel, for defendants Murry Mendelson and Ira Mendelson.

## OPINION

LONGOBARDI, Chief Judge.

The Plaintiff, pursuant to Local Rule of Civil Procedure 3.3, filed a motion for reargument of this Court's Opinion, Docket Item ("D.I.") 102, granting the Defendants' motion for summary judgment on Counts I and VII and dismissing Counts II through VI. 742 F.Supp. 860.

While common in federal practice, the Federal Rules of Civil Procedure do not provide a mechanism for a motion for reargument or reconsideration of a decision. *See, e.g., Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983); *Fisher v. Samuels*, 691 F.Supp. 63, 74 (N.D.Ill.1988). Local Rule 3.3 of this Court provides that "a motion for reargument ... shall briefly and distinctly state the grounds therefor.... The Court will determine from the motion and answer whether reargument will be granted." Although Local Rule 3.3 does not contain any specific limitations on what arguments may be raised in a motion for reargument, the Court is guided by several considerations.

Reargument should not be granted where the matters advanced for reargument would not "reasonably have altered the result [previously] reached by the court...." *Crane Co. v. Harsco Corp.*, 511 F.Supp. 294, 307 (D.Del.1981), *quoting United States v. Intern. Business Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y. 1978); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del.1990). In addition, reargument should not be granted where it would merely "allow wasteful repetition of arguments already briefed, considered and decided." *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989). Finally, reargument and reconsideration requests "are not a substitute for an appeal from a final judgment." *Weissman v. Fruchtman*, 658 F.Supp. 547, 548 (S.D. N.Y.1987). The mechanism should not be

utilized to allow endless debate between the parties and the Court.

Obviously, where the Court has misunderstood a party or has decided an issue not properly before it, or has made "an error not of reasoning but of apprehension", the Court should not hesitate to grant reargument. *Above the Belt*, 99 F.R.D. at 101.

Local Rule 3.3 attempts to balance the interests in obtaining a final decision on matters presented to the Court and the recognition that the Court, like all others, is capable of mistake or oversight. *Brambles*, 735 F.Supp. at 1241.

■ The Plaintiff asserts that the Court in its analysis of Counts I and VII failed to consider pertinent evidence and legal authority. With respect to Count I, the Plaintiff asserts that there is a material issue of fact as to when the purchase and sale of securities took place thereby precluding summary judgment. This assertion serves no basis for reargument. As is clear from the Court's opinion, the Court fully considered the factual and legal arguments of the parties with respect to the timing of the purchase and sale. The Court considered the language of the 1981 Letter of Intent, D.I. 102 at 3, the language of the Definitive Agreement, *id.* at 4–5, and the language of the assignment signed at the first closing, *id.* at 21, in determining that the purchase and sale took place in 1982. In addition, the Court considered the amendment to the Definitive Agreement in 1985 and determined that it did not constitute a purchase or sale of securities. *Id.* at 22–23. Having considered the assertions of the parties on this issue, reargument is not appropriate.

With respect to Court I, Plaintiff contends that the Court failed to consider whether the second closing constituted a separate agreement and an independent investment decision. The Court's Opinion expressly dealt with this point. The Opinion states: "... it could be argued that despite the existence of the three year absolute bar on 10B–5 claims stemming from the November 30, 1982, Definitive Agreement, the renegotiation of the terms of the agreement at the second closing in July of 1985

constituted a new and different sale of securities." D.I. 102 at 22. After positing this argument, the Court then decided that the second closing did not constitute a new investment decision because the Plaintiff was obligated to perform under the Definitive Agreement. From the Court's treatment of this issue, it is clear that reargument is not warranted.

With respect to Count VII, Plaintiff asserts that the Court failed to consider whether the payment of additional money at the second closing constituted a predicate act under the RICO statute. In its discussion of the alleged acts of racketeering, the Court determined that there was no fraud perpetrated against the Plaintiff at the second closing and, as a result, the modification of the November 30, 1982, Definitive Agreement did not constitute a predicate act recognizable under the RICO statute. D.I. 102 at 32–38. The Plaintiff's assertions regarding Count VII were fully considered by the Court, therefore, reargument is not appropriate.

Finally, with respect to Counts II through VI, the Plaintiff asserts that the Court abused its discretion by declining to retain pendent jurisdiction of these claims. Although the Court did not discuss its rationale for declining to retain pendent jurisdiction, reargument would not be appropriate because the Court considered the relevant factors in making its decision.

■ Pendent jurisdiction is a discretionary doctrine which allows a federal court to exercise jurisdiction over state claims that arise out the same nucleus of common facts as the substantial federal claim which conferred jurisdiction upon the federal court in the first instance. *Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The Third Circuit has held that where "the federal claim is subject to dismissal under F.R. Civ.P. 12(b)(6) or could be disposed of on summary judgment under F.R.Civ.P. 56, then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3rd Cir.1976); *see also, Lechtner v.*

*Brownyard,* 679 F.2d 322, 327 (3rd Cir. 1982). In *Tully* the Court stated that substantial time and expense spent litigating state claims in federal court did not amount to the "extraordinary circumstances" necessary for the federal court to assert pendent jurisdiction over state claims after the federal claims had been resolved.

Plaintiff asserts that because the statute of limitations of the state law claims may have run during the pendency of the federal action, extraordinary circumstances exist warranting the Court's assertion of pendent jurisdiction. The Plaintiff fails to consider, however, that Delaware has a savings statute that would appear to allow them to refile their state claims in Delaware state court. The Delaware statute, 10 Del.C. § 8118(a), provides that "if any action duly commenced within the time limited therefor ... is abated ... for any matter of form ... a new action may be commenced, for the same cause of action, at any time within one year after the abatement. ..."

The Delaware Supreme Court "assume[d], without deciding" that the commencement of a suit in the Federal District Court for Delaware is equivalent to one brought in the Delaware Superior Court within the meaning of the savings statute. *Frombach v. Gilbert Associates, Inc.,* 236 A.2d 363, 364 (Del.Super.1967), *cert. denied,* 391 U.S. 906, 88 S.Ct. 1655, 20 L.Ed.2d 419 (1968). In a subsequent case commenting on the court's assumption, the Delaware Superior Court stated "[w]hile the Court did not have occasion to decide this issue, the great weight of authority supports the assumptions made by the Court." *Howmet v. City of Wilmington,* 285 A.2d 423 (Del.Super.1971).

In *Howmet,* the Plaintiff originally brought his claim in the Federal District Court for the District of Delaware. The Federal District Court dismissed the case for lack of subject matter jurisdiction. During the pendency of the federal action, the statute of limitations ran on the Plain-

tiff's claim. Finding that the Federal District Court's dismissal for lack of jurisdiction was an abatement for a "matter of form", the court held that the Delaware savings statute applied to the case. *Id.* The Delaware Superior Court noted favorably the interpretation given to the Delaware savings statute by the Federal District Court for the Eastern District of Pennsylvania. In finding that dismissal of an action for lack of proper venue was an "abatement ... for ... [a] matter of form", the court stated:

> Clearly the tenor of these decisions is that grounds for dismissal which do not touch the merits of a controversy are within the spirit, if not the letter, of the ... [savings statute] ... so that, after dismissal on such a ground, institution of a second action is permissible despite the intervention of the period of limitations. ... A liberal construction of the Delaware statute therefore seems authorized, and it leads to the conclusions that the rights of the plaintiff, who filed a timely action which was dismissed on a ground unrelated to the merits, should be preserved notwithstanding the intervention of the bar of the statute of limitations.

*Wilt v. Smack,* 147 F.Supp. 700, 703 (E.D. Pa.1957).

It would appear then that the Plaintiff's concern that she will be barred from asserting her action in the state court is unwarranted.

In a similar situation, the Third Circuit held that where a Pennsylvania statute allowed a federal District Court to transfer to a state court pendent state claims upon which the statute of limitations had run, the District Court had not erred by not retaining pendant jurisdiction over the state claims after the federal claims had been dismissed. *Weaver v. Marine Bank,* 683 F.2d 744 (3rd Cir.1982).[1]

Similarly, because it would appear that the Plaintiff has the option of filing her state claims in state court pursuant to the

---

**1.** In the *Weaver* opinion, Judge Sloviter dissented from the majority's decision because, among other things, she did not believe that the federal

court had the power to transfer the case to the Pennsylvania state court pursuant to a Pennsylvania statute.

savings statute, no "extraordinary circumstances" exist which would warrant the Court's retaining jurisdiction.

■ Although not expressly stating its rational in its opinion, the Court sufficiently considered the issue of retaining pendent jurisdiction over the Plaintiff's state law claims. Having considered the issue, the Court finds that reargument is unwarranted.

In connection with her motion to reargue, the Plaintiff has requested an extension of 45 days in which to submit an additional memorandum in support of her motion for reargument. Plaintiff asserts that the extension is necessary because her counsel is newly retained and is not completely familiar with the factual record in this case.

As stated above, reargument in this District is governed by Local Rule 3.3. The Rule states that the Plaintiff shall submit its arguments in support of reargument within 10 days of the filing of the court's opinion. The Court finds the Plaintiff's arguments to extend this time period unpersuasive.

Although the Plaintiff argues that her counsel is newly retained, the firm of Entin, Schwartz, Marules & Lazarus, her present trial counsel, agreed to act in that capacity in January of 1990, almost six months prior to the filing of the Court's opinion. Prior to her retention of her present trial counsel, the Plaintiff had been fully represented by a different firm. Further, this case is already over three and one half years old. Considering the extent to which the Court analyzed the factual record in this case in its original opinion, a delay at this point to allow Plaintiff's present counsel further opportunity to search the factual record serves no purpose. Plaintiff's request for additional time to brief her motion for reargument is, therefore, denied.