# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE WASHINGTON | ) | C.A. No. N19C-03-262 CLS |
| NEWSPAPER PUBLISHING | ) | |
| COMPANY, LLC d/b/a | ) | |
| WASHINGTON EXAMINER, a | ) | |
| Delaware entity, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: November 6, 2019
Date Decided: December 20, 2019

## ORDER

*Upon Defendant Washington Examiner's Motion for Reconsideration regarding
California's Applicable Statute of Limitations*
**Granted.**

Bartholomew J. Dalton, Esquire, Ipek Kurul, Esquire, Dalton & Associates, P.A., Wilmington, Delaware, Andrea A. Lewis, Esquire (*pro hac vice*), Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, Florida, Attorneys for Plaintiff.

Joseph J. Bellew, Esquire, White and Williams LLP, Wilmington, Delaware, Todd R. Ehrenreich, Esquire (*pro hac vice*), David L. Luck, Esquire (*pro hac vice*), Lewis Brisbois Bisgaard & Smith LLP, Coral Gables, Florida, Attorneys for Defendant.

**SCOTT, J.**

Before the Court is Defendant Washington Examiner's Motion for Reconsideration regarding California's Applicable Statute of Limitations. For the following reasons, Defendant's motion is GRANTED.

## Background

On April 21, 2017, Defendant Washington Examiner ("Defendant") published an article about a Navy Seal who was charged with making child pornography. The article made national news. Attached to the article was a photo of Joseph Schmidt ("Plaintiff"), who was not the subject of the article but who was also a Navy Seal.

In response to the article, Plaintiff filed a complaint against Defendant in Florida state court on April 4, 2018. On May 11, 2018, Defendant removed the case to the U.S. District Court for the Southern District of Florida. A federal magistrate judge dismissed the case for lack of personal jurisdiction on October 3, 2018. Plaintiff then filed a motion for reconsideration and sought to transfer the case to Washington, D.C.; the federal judge denied this motion on December 6, 2018.

On March 25, 2019, Plaintiff filed a Complaint with this Court. On September 30, 2019, this Court dismissed Plaintiff's case for *forum non conveniens*. Defendant filed the instant motion for reconsideration on October 7, 2019.

## Parties' Assertions

In its motion for reconsideration, Defendant argues that the Court misapprehended California law when the Court found that Plaintiff's claims were

not time-barred. Defendant contends Plaintiff's claims are time-barred because neither a literal nor an equitable application of California's Savings Statute applies to Plaintiff's case. In addition, Defendant argues that the Court improperly considered California's Savings Statute because Plaintiff never made this argument in his response to Defendant's motion to dismiss.

In response to Defendant's motion for reconsideration, Plaintiff argues that the Court correctly concluded his claims were timely because California's equitable tolling doctrine applies to Plaintiff's claims. Plaintiff states that he sufficiently briefed his position on California's Savings Statute in his response to Defendant's motion to dismiss; Plaintiff incorporates that argument by reference here.

Defendant filed a reply to Plaintiff's response arguing that Defendant's position is unopposed because Plaintiff did not brief the California's Savings Statute in his response to Defendant's motion to dismiss. Defendant further argues that Plaintiff impermissibly attempts to make new arguments for the first time in his opposition to Defendant's reconsideration motion. Finally, Defendant argues that Plaintiff's new arguments are meritless.

## Standard of Review

A motion for reconsideration under Superior Court Rule of Civil Procedure 59(e) will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would

3

have changed the outcome of the underlying decision."[1] A motion for reconsideration is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[2] A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[3]

## Discussion

### A. Plaintiff raised the California Savings Statute argument in his response to Defendant's motion to dismiss.

Contrary to Defendant's assertion, Plaintiff did raise the California Savings Statute argument in his response to Defendant's motion to dismiss:

> Defendant maintains that the "Borrowing Statute trumps the Savings Statute," such that if the Borrowing Statute points to another jurisdiction's shorter limitations period, then Delaware's Savings Statute does not apply. Defendant cites to *Frombach* for this proposition, however neglects to mention that in *Frombach* our Supreme Court also looked to the other jurisdiction's statute to see if it would toll the limitations under the facts of that case.[4]

The provision of *Frombach* that Plaintiff referenced—but failed to cite—states:

"[I]n determining whether an action is barred in the state where the cause arose, the

---

[1] *Bank of New York Mellon v. Shrewsbury*, 2016 WL 3010187, at *2 (Del. Super. May 18, 2016) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

[2] *Id.*

[3] *Id.* (*quoting Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000)).

[4] Pl.'s Opp'n Def.'s Mot. Dismiss 18, May 31, 2019.

Court looks not to its own Savings act, but to that of the situs. The theory is that the borrowed statute is accepted with all its accoutrements."[5] Based on this rule from *Frombach*, the Court reviewed California's Savings Statute in its decision on Defendant's motion to dismiss.[6]

## B. The Court misapprehended California law when it decided Defendant's motion to dismiss.

The Court previously held that Plaintiff's claims were not time-barred because they were saved by California's Savings Statute.[7] As Defendant correctly argues, the Court's decision was based on a misapprehension of California's Savings Statute. Under the proper analysis of California's Savings Statute, Plaintiff's claims are time-barred.

Under California's Savings Statute, "[i]f an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal other than on the merits, a new action may be commenced within one year after the reversal."[8] California's Savings Statute applies in two situations: 1) where

---

[5] *Frombach v. Gilbert Associates, Inc.*, 236 A.2d 363, 366 (Del. 1967).
[6] *See Schmidt v. Washington Newspaper Publishing Co.*, 2019 WL 4785560, at *5 (Del. Super. Sept. 30, 2019) (citing *Frombach*, 236 A.2d at 366).
[7] *Schmidt*, 2019 WL 4785560, at *5.
[8] Cal. Civ. Proc. Code § 355 (West 1992).

a judgment for a plaintiff has been reversed on appeal; or 2) where the three *Bollinger* factors are satisfied.[9] Plaintiff's case does not fall under either category.

First, a judgment for Plaintiff has not been reversed on appeal. The U.S. District Court for the Southern District of Florida dismissed Plaintiff's claims for lack of personal jurisdiction on October 3, 2018. Plaintiff then filed a motion for reconsideration. The U.S. District Court denied Plaintiff's motion for reconsideration on December 6, 2018.[10] Plaintiff did not appeal the U.S. District Court's decision; instead, Plaintiff filed the instant action. Under a literal reading of California's Savings Statute, Plaintiff's case is not saved because the U.S. District Court did not rule in Plaintiff's favor and a favorable ruling for Plaintiff was never reversed on appeal.

Second, Plaintiff's case does not satisfy the *Bollinger* factors to obtain an equitable application of California's Savings Statute. A court will equitably apply California's Savings Statute only when: 1) the trial court erroneously granted the initial nonsuit; 2) dilatory tactics on the part of the defendant "prevented disposition of the first action in time to permit a second filing within the limitations period"; and

---

[9] *Wood v. Elling Corp.*, 20 Cal. 3d 353, 361–62 (Cal. 1977); *see Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 421 (9th Cir. 1981) (clarifying that *Wood* limited *Bollinger*'s equitable application of § 355 to only those instances which satisfied the three factors the California Supreme Court used in *Bollinger*).

[10] *Schmidt v. Washington Newspaper Publishing Co.*, 2018 WL 6422705 (S.D. Fla. Dec. 6, 2018).

3) the plaintiff has at all times proceeded in a diligent manner.[11] The U.S. District Court did not erroneously grant the initial nonsuit; instead, the U.S. District Court reasonably held that it lacked personal jurisdiction over Defendant because Plaintiff had not alleged facts sufficient to show that Defendant "purposefully availed" itself of the privileges of conducting activities in Florida.[12] "The concurrence of the three factors present in *Bollinger* is essential to an application of the rule stated therein";[13] because the first of the *Bollinger* factors is not present in the instant case, the Court will not equitably apply California's Savings Statute to save Plaintiff's claims.

California's Savings Statute does not save Plaintiff's claims. The statute of limitations for defamation claims in California is one year.[14] As the Court found in its decision on Defendant's motion to dismiss, Plaintiff filed the instant action more than one year after the accrual date.[15] Thus, Plaintiff's claims are time-barred.

## C.  Plaintiff's equitable tolling argument is improperly raised.

"A motion for reargument is not intended to rehash the arguments already decided by the court."[16] In his response to Defendant's motion for reconsideration,

---

[11] *Dimcheff v. Bay Valley Pizza Inc.*, 84 Fed. App'x 981, 982–83 (9th Cir. 2004) (citing *Wood*, 20 Cal. 3d at 361) (laying out the critical factors from *Bollinger*).
[12] *See Schmidt*, 2018 WL 6422705, at *1 (recounting the procedural history of Plaintiff's case).
[13] *Wood*, 20 Cal. 3d at 361.
[14] Cal. Civ. Proc. Code § 340(c) (West 2003).
[15] *Schmidt*, 2019 WL 4785560, at *5 (finding that the statute of limitations has run even if the time period is tolled for the duration of the Florida proceedings).
[16] *Kennedy*, 2006 WL 488590, at *1.

7

Plaintiff rehashes his equitable tolling doctrine argument.[17] The Court declined to address Plaintiff's equitable tolling argument in its decision on Defendant's motion to dismiss; however, even if the Court applies the equitable tolling doctrine to Plaintiff's claims, Plaintiff's claims are still time-barred.

Based on this Court's findings in its decision on Defendant's motion to dismiss, Plaintiff's claims are untimely even if the time period is tolled for the duration of the Florida proceedings:

> Defendant calculated—and Plaintiff did not oppose—the relevant time periods in this litigation. If the time period is not tolled for the duration of the Florida proceedings, then Plaintiff filed this action 1-year-11-months-and-four-days after the accrual date. If the time period is tolled for the duration of the Florida proceedings, then Plaintiff filed this action 421 days after the accrual date.

In California, the statute of limitations for a defamation claim is one year.[18] Plaintiff's claims are untimely filed because Plaintiff filed the instant action 421 days after the accrual date.

Plaintiff does not deny that his claims were filed more than one year after the accrual date.[19] Plaintiff urges this Court to do as the California Court of Appeal did

---

[17] *Compare* Resp. Opp'n Def. Washington Examiner's Mot. Recons. regarding California's Applicable Statute of Limitations ¶¶ 2–12, Oct. 22, 2019 (applying California's equitable tolling doctrine factors to Plaintiff's claim) *with* Pl.'s Opp'n Def.'s Mot. Dismiss 18–21, May 31, 2019 (same).

[18] Cal. Civ. Proc. Code § 340(c) (West 2003).

[19] Resp. Opp'n Def. Washington Examiner's Mot. Recons. regarding California's Applicable Statute of Limitations ¶ 10 ("Plaintiff filed suit in Delaware on March 25, 2019—only 57 days after the tolled limitations period ran.").

in *Tarkington v. California Unemployment Insurance Appeals Board.*[20] In *Tarkington*, the California Court of Appeal declined to dismiss a plaintiff's second-filed claim as untimely even though the plaintiff filed the second action twelve days too late.[21] *Tarkington* is different from the instant case in two respects. First, in *Tarkington*, the plaintiff filed its action in the appropriate court at the outset of the case.[22] In contrast, Plaintiff first filed his action in an inappropriate court because Plaintiff first filed his claim in Florida state court. Second, in *Tarkington*, the court found that the plaintiff's conduct was not dilatory because the plaintiff filed the second action in a "prompt" manner—13 days—after proceedings which lasted nearly two years.[23] In contrast, Plaintiff filed the instant action four months after the U.S. District Court dismissed his claims; unlike the two-year long proceedings in *Tarkington*, Plaintiff's proceedings in Florida lasted only nine months.[24] Therefore, Plaintiff's case is different from *Tarkington* and the Court declines to further extend the statutory time period for Plaintiff.[25]

---

[20] *Tarkington v. California Unemployment Ins. Appeals Bd.*, 172 Cal. App. 4th 1494 (Cal. Ct. App. 2009).

[21] *Id.* at 1507–508.

[22] *Id.* at 1507.

[23] *Id.* at 1507–508.

[24] Def.'s Reply Supp. Rule 59(e) Mot. 4.

[25] *See also Mitchell v. Frank R. Howard Mem'l Hosp.*, 6 Cal. App. 4th 1396, 1407–408 (Cal. Ct. App. 1992) ("However, equitable tolling is . . . certainly not available to a plaintiff who engages in the procedural tactic of moving the case from one forum to another in the hopes of obtaining more favorable rulings.").

## Conclusion

For the forgoing reasons, Defendant's Motion for Reconsideration is **GRANTED.** The Court's decision of September 30, 2019 is amended to reflect that Plaintiff's claims are dismissed with prejudice as time-barred.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**