# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE WASHINGTON | ) | C.A. No. N19C-03-262 CLS |
| NEWSPAPER PUBLISHING | ) | |
| COMPANY, LLC d/b/a | ) | |
| WASHINGTON EXAMINER, a | ) | |
| Delaware entity | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 14, 2019
Date Decided: September 30, 2019

*Upon Defendant's Motion to Dismiss*
**Granted.**

Bartholomew J. Dalton, Esquire, Dalton & Associates, PA, Wilmington, DE, Attorney for Plaintiff.

Andrea L. Lewis, Searcey, Denney, Scarola, Barnhart & Shipley, PA, West Palm Beach, FL, Attorney for Plaintiff.

Joseph J. Bellew, Esquire, White and Williams LLP, Wilmington, DE, Attorney for Defendant.

Todd R. Ehrenreich, Esquire, Lewis, Brisbois, Bisgaard & Smith, Miami, FL, Attorney for Defendant.

David L. Luck, Esquire, Lewis, Brisbois, Bisgaard & Smith, Miami, FL, Attorney for Defendant.

**SCOTT, J.**

1

Before the Court is Defendant Washington Examiner's Motion to Dismiss, arguing expiration of the statute of limitations and *forum non conveniens*. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

## Background

On April 21, 2017, Defendant Washington Examiner ("Defendant") published an article about a Navy Seal who was charged with making child pornography ("Article"). The Article was picked up by other news sources and soon became national news. Accompanying the Article was a photo of Plaintiff, who was not the subject of the Article but who was also a Navy Seal.

In response to the Article, Plaintiff filed a complaint against Defendant in Florida state court on April 4, 2018. On May 11, 2018, Defendant removed the case to the U.S. District Court for the Southern District of Florida. A federal magistrate judge dismissed the case for lack of personal jurisdiction on October 3, 2018. Plaintiff then filed a motion for reconsideration and sought to have the case transferred to Washington, D.C.; the federal judge denied this motion on December 6, 2018.

On March 25, 2019, Plaintiff filed a Complaint with this Court. Plaintiff alleges defamation, defamation by implication, and intentional infliction of emotional distress against Defendant. On April 30, 2019, Defendant filed this Motion to Dismiss.

## Parties' Assertions

In its Motion to Dismiss, Defendant argues that this Court should dismiss this case as time-barred. Defendant argues that, under Delaware's choice-of-law rules, California law applies to Plaintiff's claims because Plaintiff resided in California when the Article was published. Defendant further argues that the Delaware Borrowing Statute mandates using California's one-year statute of limitations instead of Delaware's two-year statute of limitations for defamation claims. Defendant also argues that Plaintiff's intentional infliction of emotional distress claim is dependent upon the defamation claim. Because the intentional infliction of emotional distress claim is tied to the defamation claim, under California law, the defamation claim's statute of limitations applies. Because Plaintiff filed this Complaint more than one-year after his claim accrued, Defendant urges the Court to dismiss the action as time-barred.

In the alternative, Defendant argues that this Court should dismiss this case for *forum non conveniens*. Defendant points out that the Delaware action is later-filed and argues that the hybrid *forum non conveniens* test laid out by the Delaware Supreme Court in *Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.* applies in this case. The Defendant asks the Court to find that these factors weigh in Defendant's favor.

3

In response, Plaintiff argues that his claim is not time-barred. Plaintiff argues that Delaware's Borrowing Statute does not apply because he was not forum shopping. Plaintiff also argues that Delaware has the "most significant relationship" to this action and that Delaware's two-year statute of limitations applies to Plaintiff's claims. Alternatively, Plaintiff argues that California's Savings Statute, which is identical to Delaware's Savings Statute, extends the applicable statute of limitations by one year.

Plaintiff also argues that California's equitable tolling doctrine applies to this case, and that this doctrine tolled the statute of limitations during the Florida proceedings. Additionally, Plaintiff argues that Defendant waived its right to assert a statute of limitations defense because it did not raise this defense during the Florida proceedings. Finally, Plaintiff argues that the *forum non conveniens* factors weigh in his favor.

## Standard of Review

This Court's standard of review on a motion to dismiss is well-settled. The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.[1] The motion will be denied when the plaintiff can prove any facts entitling him to relief.[2]

---

[1] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).
[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); *Sult v. American Sleep Medicine, Inc.*, 2011 WL 4688730, at *1 (Del. Super. Sept. 28, 2011).

4

## Discussion

I.    STATUTE OF LIMITATIONS

In its Motion to Dismiss, Defendant argues: 1) California law applies to Plaintiff's claims; 2) Delaware's Borrowing Statute mandates application of California's statute of limitations; and 3) California's one-year statute of limitations for defamation bars Plaintiff's claims.

### A. Choice-of-Law Analysis

When conducting a choice of law analysis, this Court follows the "most significant relationship" test from the *Restatement (Second) of Conflict of Laws* ("Restatement").[3] When determining which state's law applies to a tort involving multistate defamation, Restatement § 150 applies.[4] Under the pertinent parts of § 150:

> (1)    The rights and liabilities that arise from defamatory matter in . . . [an] aggregate communication are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties under the principles stated in [Restatement] § 6.
>
> (2)    When a natural person claims that he has been defamed by an aggregate communication, the state of most significant relationship will usually be the state where the person was domiciled at the time, if the matter complained of was published in that state.[5]

---

[3] *Smith v. Delaware State Univ.*, 47 A.3d 472, 480 (Del. 2012); *State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454, 457 (Del. 2010).

[4] *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 765 (D. Del. 2012); Restatement (Second) of Conflict of Laws § 150 (Am. Law Inst. 1971).

[5] Restatement (Second) of Conflict of Laws § 150.

5

Aggregate communications are communications published simultaneously in two or more states, such as Internet publications.[6] Thus, a defamation claim arising from an Internet publication is governed by the law of the state with the "most significant relationship" to the claim.[7] At issue here is an article published to the Defendant's website; accordingly, § 150 governs.

When choosing the applicable law for a claim arising from an Internet publication, the state with the most significant relationship will usually be the state where the person is domiciled at the time of publication.[8] This is because "defamation produces a special kind of injury that has its principal effect among one's friends, acquaintances, neighbors and business associates in the place of one's residence."[9] It is undisputed that Plaintiff was a resident of and domiciled in California at the time the Article was published.[10] Therefore, the local law of California should apply unless another state has a "more significant relationship to the occurrence and the parties."[11]

---

[6] *Aoki*, 839 F. Supp. 2d at 765.

[7] *Stephen G. Perlman, Rearden LLC v. Vox Media, Inc.*, 2015 WL 5724838, at *10 (Del. Ch. Sept. 30, 2015); Restatement (Second) of Conflict of Laws § 150.

[8] *Aoki*, 839 F. Supp. 2d at 765; *Stephen G. Perlman, Rearden LLC*, 2015 WL 5724838, at *11; Restatement (Second) of Conflict of Laws § 150.

[9] *Stephen G. Perlman, Rearden LLC*, 2015 WL 5724838, at *11 (quoting *Aoki*, 839 F. Supp. 2d at 765).

[10] Compl. 2 n.1.

[11] *Stephen G. Perlman, Rearden LLC*, 2015 WL 5724838, at *11 (quoting Restatement (Second) of Conflict of Laws § 150 cmt. e).

6

Restatement § 150(2) creates a presumption that the law of the state where a plaintiff resides applies unless there are "significantly sufficient considerations" under Restatement §§ 6 and 145 to overcome this presumption.[12] Restatement § 6(2) provides the following seven factors for the Court to evaluate during a choice of law analysis: (a) needs of interstate and international systems; (b) relevant policies of the forum; (c) relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) protection of justified expectations; e) basic policies underlying the particular field of law; (f) certainty, predictability, and uniformity of result; and (g) ease in the determination and application of the law to be applied.[13] Restatement § 145(2) instructs that when applying the § 6 factors, the Court should take into account the following contacts: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered.[14]

---

[12] *Aoki*, 839 F. Supp. 2d at 766.
[13] Restatement (Second) of Conflict of Laws § 6(2) (Am. Law Inst. 1971).
[14] Restatement (Second) of Conflict of Laws § 145(2) (Am. Law Inst. 1971).

Based on the considerations in § 145, the relevant contacts are California,[15] Delaware,[16] Texas,[17] and the District of Columbia.[18] The parties' briefings focus only on California and Delaware. Accordingly, the Court will narrow its discussion to California and Delaware only.

Plaintiff argues that Delaware law should apply because Defendant is incorporated in Delaware, Defendant's parent company is incorporated in Delaware, and Delaware has an interest in deterring tortious conduct and compensating victims.[19] Defendant argues that California law should apply because Plaintiff's

---

[15] Plaintiff's Complaint demonstrates the manner in which he was injured by the Article; the majority of these injuries occurred in California, where Plaintiff lived when the Article was published. Compl. ¶¶ 21, 24–25; see Restatement (Second) of Conflict of Laws § 145(a), (c). Specifically, Plaintiff alleges that: multiple media outlets in his community ran the story with his photo attached; his reputation in his community was damaged; he and his family were approached by neighbors about the story; he and his family were approached by people from his son's middle school about the story; he and his family were terrified to leave their home because of death threats they had received; he bought a security system for his home and refused to leave home without a gun; he and his family were forced to move away from their California home; and he and his family lived in fear. Compl. ¶¶ 21, 24–25.

[16] Defendant is incorporated in Delaware. Def.'s Mot. to Dismiss Ex. A; see Restatement (Second) of Conflict of Laws § 145(c).

[17] Plaintiff currently resides in Texas. Compl. ¶ 5; see Restatement (Second) of Conflict of Laws § 145(c).

[18] Defendant's principal place of business is Washington D.C. and the conduct where the injury occurred took place in Washington D.C. Def.'s Mot. to Dismiss Ex. A; see Restatement (Second) of Conflict of Laws § 145(b), (c).

[19] Pl.'s Opp'n to Def.'s Mot. to Dismiss 13–15 (citing *Pena v. Cooper Tire & Rubber Co.*, 2010 WL 1511709, at *3 (Del. Super. Jan. 27, 2010); *Marks v. Messick & Gray Const. Inc.*, 2000 WL 703657, at *2 (Del. Super. Apr. 18, 2000);

injury occurred in California.[20] For the reasons that follow, the Court finds that California law should apply.

The Delaware Supreme Court has previously applied Delaware law where the plaintiff was injured in a different state.[21] However, both of those cases were personal injury actions with plaintiffs who were Delaware residents.[22] In *Travelers Indemnity Co. v. Lake*, the Supreme Court found that Delaware "clearly" had the most significant relationship to the issues presented even though the accident occurred in Quebec.[23] In *Lake*, the plaintiff was a resident of Delaware, the defendant conducted significant business in Delaware, and the plaintiff's motorist coverage provision was a product of Delaware law that involved "issues of vital importance to all Delaware citizens."[24] In *State Farm Mutual Automobile Insurance Co v. Patterson*, the Supreme Court found that Delaware had the most significant interest in the issues presented even though the accident occurred in New Jersey.[25] In *Patterson*, the Supreme Court found it determinative that the plaintiff would

---

*Judge Trucking Co. v. Estate of Cooper*, 1994 WL 680029, at *5 (Del. Super. Sept. 19, 1994)).

[20] Def.'s Br. in Supp. of its Mot. to Dismiss 9.

[21] *Patterson*, 7 A.3d at 457–59; *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 48 (Del. 1991).

[22] *Patterson*, 7 A.3d at 459; *Lake*, 594 A.2d at 48.

[23] *Lake*, 594 A.2d at 48.

[24] *Id.*

[25] *Patterson*, 7 A.3d at 459.

suffer the consequences of the car accident in Delaware, where she resided.[26] The Court reasoned "Delaware has the most significant interest in applying its law where what is at stake is the right of the injured Delaware citizen to recover the full amount of his or her actual damages."[27] Unlike *Lake* and *Patterson*, Plaintiff is not a resident of Delaware; accordingly, Delaware does not have the same interest here in applying its law.[28]

In *Bell Helicopter Textron Inc. v. Arteaga*, the Supreme Court applied Mexican law even though the defendant was incorporated in Delaware when a helicopter crashed in Mexico and killed everyone on board.[29] The Supreme Court found that Mexico had the most significant relationship to the "liability, damages, and remedies" at issue because the plaintiffs were Mexican citizens and the injury occurred in Mexico.[30] Similar to the instant case, in *Arteaga*, the relevant Restatement provisions mandated a rebuttable presumption that the place with the

---

[26] *Id.* ("[W]hat is critical is that the consequences of that tortfeasor's conduct are suffered in Delaware . . . .").

[27] *Id.*

[28] In *Lake*, if the Court did not apply Delaware law then the plaintiff would have had to proceed under Quebec's "no-fault" system of tort law which limits the amount of damages a plaintiff can recover. *Lake*, 594 A.2d at 48. Similarly, in *Patterson*, if the Court did not apply Delaware law then the plaintiff would have had to proceed under New Jersey law, which imposes a cap on tort damages. *Patterson*, 7 A.3d at 459.

[29] *Bell Helicopter Textron, Inc. v. Arteaga*, 113 A.3d 1045, 1060 (Del. 2015).

[30] *Id.* at 1055–60.

"most significant relationship" to the case would be the place of injury.[31] Also similar to the instant case, in *Arteaga*, the defendant was incorporated in Delaware but Delaware was neither the place where the conduct that caused the injury occurred nor the place of injury.[32]

The instant case is more similar to *Arteaga* than to *Lake* and *Patterson*. Plaintiff is a California resident, the injury occurred in California, and the conduct causing the injury occurred in Washington D.C. The only connection between Plaintiff's claims and Delaware is the fact that Defendant is incorporated here. Additionally, Delaware was not Plaintiff's first choice of forum.[33] Therefore, the Court finds that California law applies to Plaintiff's claims.[34]

## B. Delaware's Borrowing Statute

As a general rule, the law of the forum governs in matters relating to the statute of limitations.[35] However, Delaware's Borrowing Statute modifies this general rule:

---

[31] *Id.* at 1053. In *Arteaga*, the Supreme Court discussed personal injury and wrongful death suits. *Id.*; *see* Restatement (Second) of Conflict of Laws §§ 146, 175 (Am. Law Inst. 1971).

[32] *Arteaga*, 113 A.3d at 1054–55. The harmful condition was manufactured in Texas and the injury occurred in Mexico. *Id.*

[33] *See id.* at 1060 (considering the fact that the Mexican plaintiffs first filed their claim in Delaware during the Court's evaluation of the last Restatement § 6 factor).

[34] *See Johnson v. Warner Bros. Entertainment, Inc.*, 2017 WL 588714, at *4 (D. Del. Feb. 14, 2017) (finding that plaintiff failed to rebut the presumption that Pennsylvania had the most significant relationship to his defamation claim because plaintiff was a Pennsylvania resident at the time of publication).

[35] *Machala v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 2017 WL 2814728, at *3 (Del. Super. June 29, 2017).

11

> Where a cause of action arises outside of this state, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.[36]

Under the Borrowing Statute, Delaware courts will apply the Delaware statute of limitations if it is shorter than the limitations period of the state in which the cause of action arose.[37] Here, the Court must decide whether to apply California's or Delaware's statute of limitations.

Delaware has a two-year statute of limitation for defamation claims.[38] Under, Delaware's Savings Statute, a plaintiff has "one year to file a second cause of action following a final judgment adverse to his position, if such judgment was not upon the merits of the cause of action."[39] If Delaware's statute of limitations were to apply here, then Plaintiff would have an additional year to file his defamation claim because he lost on procedural grounds in Florida. Thus, Plaintiff had a total of three years in which to file his cause of action under Delaware's statute of limitations.[40]

---

[36] 10 *Del. C.* § 8121.

[37] *Machala*, 2017 WL 2814728, at *3. The "state in which the cause of action arose" is the place which has the most significant relationship to the claims and the parties. *Johnson*, 2017 WL 588714, at *3. As discussed, the cause of action arose in California.

[38] 10 *Del. C.* § 8119.

[39] *Gosnell v. Whetsel*, 198 A.2d 924, 926 (Del. 1964); *see* 10 *Del. C.* § 8118(a) (Delaware's Savings Statute).

[40] *See Hatcher v. Hobbs*, 1990 WL 18335, at *2 (Del. Super. Jan. 24, 1990) (finding that the two-year statute of limitations period became three years because Delaware's Savings Statute applied to plaintiff's claim).

In California, a cause of action for a defamatory statement accrues at the time of the first general publication or broadcast of a tortious statement.[41] California has a one-year statute of limitation for defamation claims.[42] California's one-year statute of limitations is shorter than Delaware's two-year statute of limitations. Thus, under Delaware's Borrowing Statute, California's statute of limitations applies.

Under Delaware's Borrowing Statute, however, the Court must look to the Savings Statute of the state whose law the Court is borrowing.[43] "The theory is that the borrowed statute is accepted with all its accoutrements."[44] Thus, this Court must look to *California's* Savings Statute to see if Plaintiff's claim is time-barred. Under California's Savings Statute, if a plaintiff's action fails for a reason "other than on the merits," then the plaintiff has one additional year in which to file the action.[45] Plaintiff lost on procedural grounds in Florida.[46] Therefore, California's Savings Statute applies to Plaintiff's action; Plaintiff has one additional year from the end of the proceedings in Florida in which to file his action. Because the Borrowing Statute

---

[41] *Traditional Cat Ass'n v. Gilbreath*, 13 Cal. Rptr. 3d 353, 354–55 (Cal. Ct. App. 2004). This rule is known as the "single-publication rule." *Id.*

[42] Cal. Civ. Proc. Code § 340(c) (West 2003).

[43] *Frombach v. Gilbert Assoc., Inc.*, 236 A.2d 363, 366 ("Decisions elsewhere have held under various types of Borrowing statutes that, in determining whether an action is barred in the state where the cause arose, the Court looks not to its own Savings act, *but to that of the situs*." (emphasis added)).

[44] *Id.*

[45] Cal. Civ. Proc. Code § 355 (West 1992); *Schneider v. Schimmels*, 64 Cal. Rptr. 273, 275 (Cal. Ct. App. 1967).

[46] Def.'s Br. in Supp. of its Mot. to Dismiss 2–3.

13

mandates application of the statute of limitations with all of its "accoutrements", California's Savings Statute saves Plaintiff's claims.

Plaintiff's claim is not time-barred.

## C. Equitable Tolling

The Court declines to address Plaintiff's argument that California's "equitable tolling" doctrine applies to this case. Defendant calculated—and Plaintiff did not oppose—the relevant time periods in this litigation. If the time period is not tolled for the duration of the Florida proceedings, then Plaintiff filed this action 1-year-11-months-and-four-days after the accrual date.[47] If the time period is tolled for the duration of the Florida proceedings, then Plaintiff filed this action 421 days after the accrual date.[48] Under either calculation, Plaintiff's claim survives because he has filed the instant action within one year of the dismissal of the Florida action, in accordance with California's Savings Statute. Accordingly, there is no need for the Court to reach the issue of "equitable tolling."

## D. Waiver of Statute of Limitations Defense

Plaintiff argues that Defendant waived its ability to argue that California's one-year statute of limitations expired because it did not raise this argument in the Florida proceedings.[49] As Defendant correctly points out, it could not make this

---

[47] Def.'s Br. in Supp. of its Mot. to Dismiss 14.
[48] Def.'s Br. in Supp. of its Mot. to Dismiss 15.
[49] Pl.'s Opp'n to Def.'s Mot. to Dismiss 21.

14

argument in the Florida proceedings.[50] Plaintiff filed his action in Florida *prior to* the expiration of the California statute of limitations; thus, Defendant could not raise the timeliness issue in the Florida proceeding. As required by Delaware law, Defendant raised the timeliness issue in its first response to Plaintiff's Complaint.[51] Accordingly, Defendant has not waived its right to assert a timeliness argument.

## II.   FORUM NON CONVENIENS

As this Court has previously discussed, *forum non conveniens* is a judicially created doctrine that allows the Court to exert some control over a non-resident plaintiff's access to our forum.[52] When determining whether a suit should be dismissed for *forum non conveniens*, Delaware courts apply different standards depending on the circumstances.[53] The Supreme Court outlined the three options in *Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.*:

> When a case is first-filed, Delaware courts award dismissal only when the defendant has established overwhelming hardship, thus tilting the [*Cyro-Maid*] analysis in the plaintiff's favor. When a case is later-filed, and its predecessors remain pending, *McWane*'s "strong preference for the litigation of a dispute in the forum in which the first action relating to such dispute is filed" applies and the analysis is tilted in favor of the defendant. But when a case is later-filed and its predecessors are no longer pending, the analysis is not tilted in favor of the plaintiff or the defendant. In that situation, Delaware trial judges exercise their

---

[50] Def.'s Reply Br. in Supp. of its Mot. to Dismiss 6.
[51] Super. Ct. Civ. R. 12(a), (b).
[52] *Ethica Corporate Finance S.r.L v. Dana Incorporated*, 2018 WL 3954205 (Del. Super. Aug. 16, 2018).
[53] *Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1043–44 (Del. 2017).

15

discretion and award dismissal when the *Cyro-Maid* factors weigh in favor of that outcome.[54]

This case is similar to the third (hybrid) option. Plaintiff first filed his case in Florida. Those proceedings ended on December 6, 2018. Plaintiff filed this action on March 25, 2019. Accordingly, this Court shall apply the *Cyro-Maid* factors without the heightened "overwhelming hardship" standard of proof.[55]

The *Cryo-Maid* factors "form the core of Delaware's traditional *forum non conveniens* analysis."[56] The six factors are: (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of viewing the premises; (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; (5) whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction; and (6) the pendency or

---

[54] *Id.* at 1044.

[55] The Delaware Supreme Court clarified the existence of the third (hybrid) option in *Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033. Similar to the instant case, the plaintiff in *Gramercy* first filed its action in another state, where it was dismissed on procedural grounds. The Supreme Court found that the *Cryo-Maid* analysis was not tilted in the plaintiff's favor under the overwhelming hardship standard because the Delaware action was later-filed. The Supreme Court further found that *McWane*'s standard was inapplicable because the first-filed action was dismissed procedurally. *Id.* at 1042.

[56] *Id.* at 1037.

16

nonpendency of a similar action in another jurisdiction.[57] The Court will discuss each factor individually.

## A. Relative Ease of Access to Proof

Defendant argues that many of the significant witnesses and much of the central evidence in the instant case are in California. Defendant argues that the subject of the Article relates to California and that Plaintiff sustained his injuries in California.[58] Plaintiff argues that documentary evidence can be made available electronically and that present day modes of transportation should lower the Court's concern about witness travel.[59]

Plaintiff's Complaint alleges injuries that he suffered only in California, namely: his fear to leave his California home; the need for protection at his home, including calling the NCIS, the FBI, and the local police and installing security cameras on his home; and being approached by people from his California neighborhood and his son's California middle school.[60] Further, Plaintiff has identified necessary witnesses who reside in California. Plaintiff's Form 30 Interrogatories listed seven California residents as "having knowledge" of the facts

---

[57] *Id.* (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 684 (Del. 1964)).
[58] Def.'s Br. in Supp. of its Mot. to Dismiss 19–20.
[59] Pl.'s Opp'n to Def.'s Mot. to Dismiss 25 (citing *Barrera v. Monsanto Company*, 2016 WL 4938876, at *6 (Del. Super. Sept. 13, 2016)).
[60] Compl. ¶¶ 24–25.

17

of the case.[61] Although Plaintiff lists a number of non-California residents as also "having knowledge" of the facts of the instant case, almost all of the California residents are directly involved in the harm Plaintiff suffered.[62] Plaintiff alleges that he suffered "mental anguish" and the "expense of medical care" as damages from Defendant's alleged defamation. However, Plaintiff identified only California medical providers as professionals who "have treated" Plaintiff since the Article.[63] These medical providers are necessary to prove the amount of damages Plaintiff suffered.

Plaintiff has not identified any Delaware citizens or entities, except Defendant, as "having knowledge" of the facts of this case. Further, Defendant has shown that its offices are in Washington D.C. and that no reporters were sent to or in Delaware in connection with the Article.[64] An overwhelming majority of evidence in this case is located in California and none is located in Delaware.[65]

This factor weighs in favor of Defendant.

---

[61] Form 30 Interrogs. ¶ 2.
[62] *Id.* The majority of the non-California residents are either 1) individuals who were Plaintiff's former supervisors or 2) individuals who "saw the article" and "contacted" or "spoke" with Plaintiff about it. The majority of the California residents either "confronted" Plaintiff about the Article or treated Plaintiff for his physical and mental injuries after the Article was published.
[63] Form 30 Interrogs. ¶ 7.
[64] Def.'s Br. in Supp. of its Mot. to Dismiss Ex. A.
[65] *Cf. Abrahamsen v. ConocoPhillips Co.*, 2014 WL 2884870, at *2 (Del. Super. May 31, 2014).

## B. Availability of Compulsory Process for Witnesses

Defendant argues that all of the witnesses Plaintiff has identified are outside this Court's subpoena power. First, Defendant notes that Plaintiff identified central, non-party witnesses who reside in California. Second, Defendant points out that none of the witnesses identified in Plaintiff's interrogatory answers are located in Delaware. Last, Defendant identifies its burden as "only specifically identifying the witnesses not subject to compulsory process."[66]

In response, Plaintiff argues that Defendant failed to identify the substance of the testimony of these allegedly unavailable witnesses. Plaintiff further argues that video depositions will sufficiently allow the fact-finder to weigh the credibility and candor of the witnesses who are unable to attend the trial.[67] In its reply, Defendant argues that Plaintiff has already identified the substance of the witnesses' testimony in his answer to the Form 30 Interrogatories and that the areas are self-explanatory based on the witnesses' identities.[68]

Plaintiff cites *Ward v. Tishman Hotel & Realty, L.P.* for the proposition that Defendant needed to identify the substance of the allegedly unavailable witnesses'

---

[66] Def.'s Br. in Supp. of its Mot. to Dismiss 21–22 (citing *Ward v. Tishman Hotel & Realty, L.P.*, 2010 WL 5313549, at *3 (Del. Super. Nov. 30, 2010)).

[67] Pl.'s Opp'n to Def.'s Mot. to Dismiss 25–26 (citing *Ward*, 2010 WL 5313549, at *3).

[68] Def.'s Reply Br. in Supp. of its Mot. to Dismiss 10.

19

testimony.[69] In *Ward*, however, this Court was discussing the evidence that defendant would need to produce to show it had an "overwhelming hardship."[70] As *Gramercy* established, the "overwhelming hardship" standard does not apply here.[71] Therefore, it is not necessary for Defendant to identify the specific witnesses who are not subject to compulsory process or the substance of their testimony. Despite not having to do so, Defendant has identified specific witnesses not subject to compulsory process and the substance of their testimony.[72]

Plaintiff alleges that he suffered severe mental and emotional distress, anxiety, mental anguish, and aggravation of a preexisting medical condition as a result of Defendant's conduct.[73] To prove causation and the extent of harm suffered, Plaintiff will need medical experts to testify in court on his behalf.[74] Plaintiff has identified only California medical personnel as having knowledge of Plaintiff's injuries.[75] Such witnesses will be key to showing the extent and cause of Plaintiff's injuries.

---

[69] Pl.'s Opp'n to Def.'s Mot. to Dismiss 25–26 (citing *Ward*, 2010 WL 5313549, at *3).

[70] *Ward*, 2010 WL 5313549, at *3 ("It is difficult—but not impossible—for a defendant to show an overwhelming hardship under [the second] factor. Defendants first must identify specifically the witnesses not subject to compulsory process and the specific substance of their testimony.").

[71] *Gramercy Emerging Mkts. Fund*, 173 A.3d at 1044.

[72] Def.'s Br. in Supp. of its Mot. to Dismiss 20–22 (referring to Plaintiff's answers to the Form 30 Interrogatories).

[73] Compl. ¶¶ 39–40.

[74] Del. R. Evid. 702(a); *Dayton v. Collison*, 2019 WL 4668157, at *9 (Del. Super. Sept. 24, 2019).

[75] Form 30 Interrogs. ¶ 7.

As the case currently stands, Delaware cannot compel testimony from *any* of the identified witnesses.[76] While there will be difficulties with service of process no matter where this litigation is pursued—Plaintiff's identified witnesses reside in Arizona, California, Florida, Iowa, Maryland, New York, Ohio, Pennsylvania, Texas, Virginia, and Washington—California will at least have compulsory process over a good portion of Plaintiff's identified witnesses.[77]

This factor weighs in favor of Defendant.

## C. View of the Premises

This factor does not apply to Plaintiff's claims.

## D. Practical Problems that Would Make the Trial of the Case Easy, Expeditious, and Inexpensive

Defendant argues that this factor weighs in its favor because there is no connection between Plaintiff's claims and Delaware.[78] In response, Plaintiff argues that Delaware has an interest in regulating the conduct of entities incorporated under its laws.[79]

---

[76] *Cf. Ward*, 2010 WL 5313549, at *3 (finding that the Court lacked the power to compel testimony from witnesses residing in Pennsylvania).

[77] Form 30 Interrogs. ¶¶ 2, 7; *see Ward*, 2010 WL 5313549, at *3 ("[W]hen conducting analysis under [factor two], the court must evaluate whether another forum would provide a substantial improvement as to the number of witnesses who would be subject to compulsory process." (internal quotations omitted)).

[78] Def.'s Br. in Supp. of its Mot. to Dismiss 23–24.

[79] Pl.'s Opp'n to Def.'s Mot. to Dismiss 26–27.

This Court has previously found that the fact that the case's only connection to Delaware is the defendant's status as a Delaware entity "tilts in favor of Defendant."[80] It is true that the Delaware courts have an interest in regulating Delaware entities.[81] However, in *Hall v. Maritek Corporation*, this Court identified a distinction between the *forum non conveniens* analysis in tort cases and commercial or corporate cases.[82] Plaintiff's tort claim brings forth issues of California law relating to injuries that took place in California by a company operating out of the District of Columbia. Based on Delaware's limited connection to the case, litigation in this forum would unnecessarily strain this Court's resources.[83]

The availability of an alternate forum is also a relevant consideration in the Court's evaluation of this factor.[84] Because Plaintiff's claims are not time-barred under California law, California remains an available, alternate forum for Plaintiff.

---

[80] *Barrera*, 2016 WL 4938876, at *8. In *Barrera*, the Court found that this fact was insufficient to meet defendant's burden of showing an "overwhelming hardship." *Id.*

[81] *Id.*

[82] *Hall v. Maritek Corp.*, 170 A.3d 149, 165 (Del. Super. 2017); *see Martinez v. E.I DuPont De Nemours and Co.*, 82 A.3d 1, 38–39 ("These are non-commercial and non-corporate garden-variety toxic tort disputes between Argentine employees and their Argentine employers for which the Delaware courts should not be automatically available to anyone who has ever sustained harm anywhere across the globe.").

[83] *See Aranda v. Philip Morris USA Inc.*, 183 A.3d 1245, 1253 (Del. 2018).

[84] *Id.* at 1252–54.

This factor weighs in Defendant's favor.

### E. Application of Delaware Law

As discussed, California law applies to this action. Defendant argues that this factor weighs in its favor because California substantive law applies.[85] Plaintiff argues that, even if California law applies, that this Court is equipped to handle this case because the Court applies the laws of other states regularly.[86] Plaintiff is correct.[87] Delaware is competent to decide questions of law of its sister states.[88]

This factor weighs in favor of Plaintiff.

### F. Pendency or Nonpendency of a Similar Action in Another Jurisdiction

It is undisputed that this action is not pending in any other jurisdiction. Plaintiff's Florida action ended on December 6, 2018 and has not been renewed. Defendant argues that this factor plays no role in the Court's analysis.[89] Plaintiff argues that judicial discretion should be exercised sparingly and that dismissal would subject him to delay, expense, and inconvenience.[90]

---

[85] Def.'s Br. in Supp. of its Mot. to Dismiss 24.
[86] Pl.'s Opp'n to Def.'s Mot. to Dismiss 27–28.
[87] *See Barrera*, 2016 WL 4938876, at *7 ("Even if there is a determination that Delaware law does not apply, this finding alone would be insufficient for dismissal on the ground of FNC." (internal quotations omitted)).
[88] *Id. But see Martinez*, 82 A.3d at 33 (finding that this factor did not weigh in plaintiff's favor because the dispute involved foreign law, in a foreign language, and the parties and conduct were centered in a foreign jurisdiction).
[89] Def.'s Br. in Supp. of its Mot. to Dismiss 25.
[90] Pl.'s Opp'n to Def.'s Mot. to Dismiss 28.

According to the Court of Chancery of Delaware, "[if] a judge in one forum has invested actual, substantive effort in a case, a competing forum should consider carefully whether one of its judges should make a similar case-specific investment."[91] The Florida federal magistrate judge held a hearing on Defendant's motion to dismiss for lack of personal jurisdiction, issued an order granting Defendant's motion to dismiss, and subsequently denied Plaintiff's motion for reconsideration and transfer of venue.[92] Although this Court has cautioned against using judicial discretion to dismiss a case when there is no prior action pending elsewhere, that monition was given in the context of a first-filed Delaware action.[93] Here, the Delaware action is later-filed. Such cautionary tidings are inapposite here, where Delaware is Plaintiff's third choice of forum.

This factor is neutral.

## G. Conclusion

Based on an analysis of the forgoing factors, the Court finds that the *Cyro-Maid* factors weigh in favor of dismissal.

III.    COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's intentional infliction of emotional distress claim is not an independent claim. "Where the Complaint is based on an offensive statement that

---

[91] *Hamilton Partners, L.P. v. Englard*, 11 A.3d 1180, 1217 (Del. Ch. 2010).
[92] Def.'s Br. in Supp. of its Mot. to Dismiss Ex. C (Docket).
[93] *Barrera*, 2016 WL 4938876, at *8.

24

is defamatory, plaintiffs have not been allowed to circumvent the statutory limitation by proceeding on a theory other than defamation."[94]  Although the Court is not dismissing the case based on the statute of limitations, Plaintiff's intentional infliction of emotional distress claim is also dismissed for *forum non conveniens*.

## Conclusion

For the forgoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
**Judge Calvin L. Scott, Jr.**

---

[94] *Fellows v. Nat'l Enquirer, Inc.*, 721 P.2d 97, 101 (Cal. 1986); *see also Barker v. Huang*, 610 A.2d 1341, 1351 (Del. 1992) ("[W]e hold with the great weight of foreign precedent that an independent action for intentional infliction of emotional distress does not lie where, as here, the gravamen of the complaint sounds in defamation.").